Battle, J.
 

 This action was brought to test the legality of the tax imposed upon
 
 “
 
 dead-heads,” by the act of 1860, ch. 81, s. 12. The term
 
 “
 
 dead-head” is applied topersons other than the president, directors, officers, agents or employees of a Railroad Company, who are permitted by the company to travel on the road without paying any fare therefor. The legality of the tax is impeached upon two grounds: First, that it is a poll tax, and, as such, is not imposed as the Constitution of the State requires, (Amendments of 1836, Art. 4, sec. 3) ; secondly, that it is an unlawful interference with the contract made by the State with the company, in the charter.
 

 The first enquiry is, whether the tax is a capitation or poll tax, in the sense in which that term is used in the Constitution. A capitation tax is one upoon the person simply^ without any reference to his property, real or personal, of to any business in which he may be engaged, or to any employment which he may follow; It is rightfully imposed, because of the protection which the government affords to the person, independently of the connexion in relation of the person to any thing else. Every kind of tax must be paid, either directly or indirectly, by a person, but, if he pay it in consequence of his ownership of property, or of a license to follow a profession or trade, or of making profits by the use of money or other thing, or of a privilege granted to him, either in writing or orally by the State, or by the
 
 *23
 
 permission of the State, either expressed or implied, the impost is not a capitation tax ; that is, it is not a tax upon his poll or head, simply. In the present case the tax is upon the privilege of a free ride upon a Railroad car, granted to him by the company under the implied — as not forbidden — sanction -of the State. It is, therefore, not a capitation tax, such as is meant in the article of the Constitution to which we have referred.
 

 A case much like this has recently been decided by the Supreme Court of the new State of Nevada. By the Revenue Act of that State, passed in 1865, it was enacted that
 
 41
 
 there shall be levied and collected a capitation tax of one dollar upon every person leaving this State by any railroad, stage, coach or other vehicle engaged, or employed in the business of transporting passengers for hire,” &c. This tax was objected to upon several grounds, one of which was, that it was a poll tax, and, as such, in conflict with the State Constitution, which limits the poll tax to four dollars upon all male residents of the State within certain ages. The court said: “This cannot be considered a poll tax within the meaning of the Constitution. If it be a tax upon the passenger at all, it is levied upon those exercising or enjoying a certain privilege. But it is more properly a tax upon the common carrier, regulated by the number of passengers transported ;” 1 Nevada, at p. 313, in
 
 ex parte Crandall.
 
 The last sentence in the above extract is predicated upon a provision in the revenue law which made it the duty of every person or company owning or having the care of any vehicle employed in the business of transporting passengers for hire, to pay to the sheriff ‘
 
 ‘
 
 the said tax of one dollar for each and every person so carried or transferred from this State.” The opinion oi the court thus expressed, that the tax was rather to be regarded as one upon the common carrier than upon the passenger, does not diminish the force of the view previously taken, that it was
 
 *24
 
 not a capitation tax. Whether levied upon the passenger or the carrier, there can be no doubt that the passenger had it to pay ; and it could make little difference to him whether he paid it directly to the tax collector, or to the carrier, in an increased amount of fare.
 

 The second objection to the legality of the tax is, that it violates the contract made by the State with the company, being an unlawful interference with the management of their business, as secured to them in their charter. As this objection involves a restriction upon the powers of the State, it must be made clear by him who urges it. The general rule is “the grant of privileges and exemptions to a corporation is strictly construed against the corporation, and in favor of the public. Nothing passes but what is granted in clear and explicit terms. And neither the right of taxation, nor any other power of sovereignty which the community have an interest in preserving undiminished, will be held to be surrendered, unless the intention to suri’ender is manifested in words too plain to be mistaken.”
 
 Ohio Life,
 
 &c.
 
 Company
 
 v.
 
 Debolt,
 
 16 How. (U. S.,) 435.
 
 Billings
 
 v.
 
 The Providence Bank,
 
 4 Pet., 561;
 
 Charles River Bridge
 
 v.
 
 Warren Bridge,
 
 11 Pet., 545; Atto.
 
 Gen’l
 
 v.
 
 B'k of Charlotte,
 
 4 Jones Eq., 287. In
 
 Nathan
 
 v.
 
 The State of Louisiana,
 
 7 How., 73, it was said by the Supreme Court of the United States that “ the taxing power of a State is one ' of its attributes of sovereignty. And where there has been no compact with the Federal Government, or cession of jurisdiction for the purposes specified in the Constitution, this power roaches all the property and business within the State, which are not properly the means of the general government ; and, as laid down by this court, it may be exercised at the discretion of the State. The only restraint is found in the responsibility of the members of the Legislature to their constituents.”
 

 The State power of taxation being thus unlimited, except
 
 *25
 
 where it comes in conflict with some power conferred on the general government, the only enquiry which remains is, How the tax upon
 
 “
 
 dead-heads” riding in a railroad car, can in any proper sense be said to violate the company’s charter." It cannot diminish the profits of the company or its increase, because no tax is imposed upon the transportation of the passenger. The value of the favor or compliment which the company may wish to bestow upon the
 
 “
 
 dead-head ” is not diminished, because the tax is not imposed at its instance, or for its use. Nor,-can such a tax be regarded as an impertinent intermeddling upon the part of the State, because the tax applies to those roads only in which the State has an interest as a stockholder, -or as a surety by interchange of bonds.
 

 Apart from all this, it is observable that this complaint ■ of a violation of the charter does not .come from the company itself, but is urged by one who, it seems, is no party to the contract. The question would have had a more serious aspect perhaps, if the company had presented itself as the complainant.
 

 The judgment of the court below is affirmed.
 

 Per Curiam. Judgment affirmed.